Green, J.
In this case the judge, among other things, charged the jury, that if they believed it probable that the defendant obtained notice of the dishonor of the note by means of the letter directed to him at Paris, as soon as he could if the letter had been directed to Bolivar, this would be evidence of legal notice, although they believed that at the time of the dishonor of the note, and the mailing the notice, Paris had ceased to be his residence, and he resided in Bolivar.
In this charge, I think the court erred. Whether a party received notice or not, must not depend upon probabilities, but must be established by proof. Chitty on Bills, 314.
If the notice be mailed, and directed to the post office nearest the residence of an endorser, that is proof that he received notice. If too, Dunlap had made Paris his place of residence for a year before the note fell due, and the notary made diligent enquiry for his place of residence, and was informed it was at Paris, the notice directed to Paris would be sufficient, though the defendant might have removed his residence to Bolivar a few days before the note fell due. But these facts ought to have been left to the jury, upon the evidence. To place it upon a question of probability, whether the defendant would be at Paris at a particular time, and would probably there receive the notice, was taking the true qüestion from the jury, and placing the case upon a ground not sustained either by reason or authority. The judgment ought to be reversed.
Peck, J.
Believing the court erred in charging the jury, and not knowing what influence the charge had in *71 producing the verdict, the cause must be reversed, has been the constant course of this court. Such
Catron, Ch. J. and Whyte, J. concurred.
Judgment reversed.